**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARY R.-V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 19-2785-MWF (JPR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record, and all other records on file as well as the Report and Recommendation of U.S. Magistrate Judge. On December 14, 2020, Plaintiff filed Objections to the R. & R., in which she mostly simply repeats arguments from the Joint Stipulation.[1]

For instance, Plaintiff reiterates that the ALJ erred in failing to exhibit and consider a medical-source statement from treating doctor Russell W. Nelson opining that Plaintiff was

---

[1] Defendant filed a response to the Objections on December 28, 2020.

1

prohibited from repetitive twisting, turning, or bending, among other things. (See Objs. at 2-4.) As the Magistrate Judge found, however, Plaintiff affirmatively waived this argument when her counsel confirmed on two occasions at the hearing before the ALJ that the record was "complete," particularly given that the ALJ had already held the record open for her to submit additional documents. (R. & R. at 50.) Plaintiff argues that the Court should disregard this express waiver because the Social Security regulations "obligate plaintiffs on an ongoing basis to inform or submit all evidence." (Objs. at 3 (citing 20 C.F.R. § 404.1512).) She posits a hypothetical scenario in which a "plaintiff is receiving treatment for an impairment with an unknown diagnosis" at the time of the hearing and complains that the Magistrate Judge's holding "would bar submission" of evidence resolving the uncertainty. (Id.) But of course those facts are not present here: Dr. Nelson had been providing treatment to Plaintiff for years, and nothing about his late-submitted opinion indicates any changed circumstances or reasons why it could not have been rendered earlier. In the face of Plaintiff's counsel's two acknowledgments that the record was complete, she has affirmatively waived this issue.

In any event, as the Magistrate Judge noted (R. & R. at 51-52), it is apparent from the DOT descriptions of the accounting-clerk and payroll-clerk jobs the ALJ found Plaintiff could perform as well as from the VE's testimony concerning them that the jobs do not require repetitive twisting, turning, or bending. (See AR 1130); "Accounting Clerk," DOT 216.482-010, 1991 WL 671933 (Jan. 1, 2016); "Payroll Clerk," DOT 215.382-014, 1991 WL

671908 (Jan. 1, 2016). Thus, any error by the ALJ in failing to consider Dr. Nelson's opinion was harmless, as the Magistrate Judge recognized. (R. & R. at 52.) And Plaintiff has not contested that finding.

Plaintiff also argues that this Court should remand for the ALJ to resolve the ambiguity in the record presented by an opinion from an unidentified source that Plaintiff would be absent from work two times a week. (See Objs. at 4; R. & R. at 46.) But as the Magistrate Judge noted, the unidentified opinion was from before the alleged onset date and before Plaintiff's back surgery. (R. & R. at 46.) Further, the opinion concerned Plaintiff's ability to do her prior job as actually performed (AR 334-37; see AR 334-35), which is not at issue here because the ALJ found she could do it only as generally performed (AR 19); see Arnold v. Astrue, No. EDCV 10-1609 JC., 2011 WL 2261058, at *8 n.5 (C.D. Cal. June 8, 2011) (any error in ALJ's rejection of doctor's opinion that plaintiff could not return to prior work was harmless because ALJ concluded plaintiff was unable to perform any past relevant work). Plaintiff has made no attempt to articulate the relevance of this opinion. (See Objs. at 4.) Thus, remand is not necessary on this issue.

Plaintiff also objects that the ALJ erred in assessing the opinions of Drs. Emad and Schwartz. (Id.) She fails, however, to explain how the Magistrate Judge's analysis on these issues (see R. & R. at 45-49) was erroneous. (See Objs. at 4.) These issues do not require remand.

Next, Plaintiff reiterates her claim that the ALJ erred in discounting her subjective symptom statements. (See id. at 4-6.)

3

To start, she argues that the 2015 pain questionnaire and function report the ALJ cited in finding her statements inconsistent with her daily activities was completed nearly three years before her 2018 hearing testimony. (See id. at 4.) She correctly points out that "there could have been a difference in her report of her limitations" because "conditions progress and may worsen over time." (Id.) But the Magistrate Judge properly recognized that the inconsistencies regarding Plaintiff's daily activities undermined her testimony. (See R. & R. at 28-30.) For example, Plaintiff's claim in her 2015 pain questionnaire that her driving was limited because of the side effects of her medication conflicted with her denial to Dr. Niamehr of any medication side effects. (Id. at 30.) Although Plaintiff now argues that the ALJ ignored reports that her daily activities, such as driving, were conducted with "assistance, great pain, and other limitation-related disruptions" (Objs. at 5), the inconsistency between her hearing testimony that her medications caused "dizzy spells," nausea, anxiety, shakiness, "disturb[ance] of [her] thinking skill," and nervousness "about cars driving next to [her]" (AR 1113-14) and the statement to Dr. Niamehr cannot be explained by the frequency or difficulty of her activities. The Magistrate Judge also correctly noted that Plaintiff's dispute of the ALJ's characterization of her statements does not undermine the ALJ's observation that her testimony that she spent "almost all of [her] time in bed" was exaggerated in light of other statements in the record, including her hearing testimony that she regularly went out to eat after church. (R. & R. at 30.)

4

     Plaintiff challenges the Magistrate Judge's finding that no treating source assessed functional limitations consistent with Plaintiff's allegations. (See Objs. at 5.) Although she correctly notes that she was found to have "trigger points" for fibromyalgia during some examinations (id.), she fails to rebut the Magistrate Judge's observation that no functional limitations were assigned based on those findings or any others. (R. & R. at 31.) Indeed, Plaintiff's argument that those findings support her position that her fibromyalgia was severe is belied by the December 15, 2014 examination finding of 10 trigger points, one shy of the 11 needed for a fibromyalgia diagnosis, and another doctor's statement that her fibromyalgia was "inactive." (Id.) Plaintiff reiterates her argument from the Joint Stipulation that the trigger-point findings demonstrate that the ALJ erred in failing to consider her fibromyalgia within the context of SSR 12-2p. (Objs. at 6-7.) But she has not articulated any basis for this argument or rebutted the Magistrate Judge's reasons for rejecting it. (See id. at 5; R. & R. at 31, 39-40.)

     Plaintiff acknowledges that Dr. Sisto stated that her significant subjective complaints did not appear to be justified by the objective findings. (See Objs. at 6.) Indeed, he was "stunned" at the level of treatment she had received given the mild findings. (AR 450.) She argues, however, that this was a selective reading of Dr. Sisto's report and the longitudinal record because Dr. Sisto also acknowledged that she was symptomatic. (Id.) But there is no dispute that Plaintiff had symptoms or that she was diagnosed with fibromyalgia. (R. & R. at 37.) Symptoms and a diagnosis do not equal a severe

5

impairment, however. See Febach v. Colvin, 580 F. App'x 530, 531 (9th Cir. 2014) (finding that depression diagnosis alone was insufficient to show severe impairment). The Magistrate Judge correctly relied on Dr. Sisto's statements in finding that Plaintiff's subjective symptom statements were inconsistent with the modest physical findings in the record. (R. & R. at 32-33.)

Plaintiff contends that the ALJ should have incorporated limitations from hand pain into the RFC. (See Objs. at 6.) She argues that the Magistrate Judge's finding that no medical source had assessed the severity of her carpal tunnel syndrome as more than mild was inaccurate because Dr. Nelson stated in his supplemental opinion that she had intense pain in her neck and back, with radiating arm and leg symptoms. (Id.) But Dr. Nelson's supplemental opinion did not say that Plaintiff experienced any wrist or hand pain, did not diagnose her with carpal tunnel syndrome, and did not assign any manipulative limitations. (J. Stip., Ex. A at 8.) The Magistrate Judge did not err.

Finally, Plaintiff reasserts her arguments that the ALJ failed to properly account for the additional impairments of fibromyalgia, obesity, and headaches in the RFC. (See Objs. at 6-7.) She argues that the ALJ's statements that there was very little evidence to support a finding of severe fibromyalgia was "an inaccurate reading of [her] medical records." (See id.) The Magistrate Judge correctly noted, however, that the ALJ did not reject Plaintiff's fibromyalgia diagnosis; indeed, the ALJ found "persuasive" the opinions of doctors who diagnosed it. (R. & R. at 40.) Further, the Magistrate Judge correctly found that any

6

error in failing to explicitly analyze SSR 12-2p in assessing Plaintiff's fibromyalgia was harmless. (Id.) As the Magistrate Judge noted, SSR 12-2p provides two sets of criteria to be used for determining whether a claimant has a medically determinable impairment. (Id. at 39); see 77 Fed. Reg. 43640, 43641-43 (July 25, 2012). Once the Commissioner finds that a claimant has fibromyalgia, he proceeds to the normal sequential evaluation process to determine whether the claimant is disabled. 77 Fed. Reg. at 43643. Plaintiff has cited no record evidence that would support a more restrictive RFC under the sequential evaluation process. As the Magistrate Judge noted, Dr. Hoos found in December 2014 that Plaintiff was "doing fairly well" on her fibromyalgia medication and that the serological testing was negative. (R. & R. at 39.) The number of trigger points noted at that session fell short of the 11 generally considered indicative of the condition. (Id.) And a doctor observed in November 2013 that Plaintiff's fibromyalgia was inactive. (Id.) Finally, as the Magistrate Judge noted, no medical source assessed significant limitations from fibromyalgia. (Id.) Plaintiff has failed to demonstrate error.

Plaintiff also reiterates her argument that the ALJ failed to properly assess her obesity. (See Objs. at 7.) With respect to SSR 19-2p, the Magistrate Judge correctly found that it did not apply to the ALJ's May 2, 2018 decision because it became effective on May 19, 2019. (R. & R. at 41); see SSR 19-2p, 2019 WL 2374244, at *5. Plaintiff does not challenge that finding, instead contending that the ruling "should be considered in the event the case is remanded." (Objs. at 7.) As to SSR 02-1p,

7

Plaintiff repeats her assertion that there was "error with respect to the then-existing ruling," but as the Magistrate Judge noted, she "offers no argument, much less evidence, as to how [her obesity] caused limitations greater than those included in her RFC." (R. & R. at 42.) The Magistrate Judge also correctly observed that although the ALJ did not explicitly reference SSR 02-1p, she discussed Plaintiff's obesity, weight, and rapid weight gain in her analysis of the medical evidence and the RFC. (R. & R. at 41.) Both state-agency physicians also considered Plaintiff's obesity and found her even less limited than the ALJ. (Id.) This issue does not require remand.

Finally, Plaintiff repeats her claim that the ALJ failed to adequately assess her headaches or comply with SSR 19-4p. (See Objs. at 7.) She argues that the ALJ committed reversible error by finding the headaches to be a severe impairment but failing to discuss their impact on her RFC. (Id.) But as the Magistrate Judge noted, the ALJ discussed Plaintiff's treatment with Drs. Mescher and Kong for headaches. (R. & R. at 42.) Neither doctor assessed any functional limitations from them. (Id.) Instead, the treatment notes generally indicated that Plaintiff's headaches were well controlled with medication and chiropractic therapy. (Id. at 42-43.) Plaintiff has failed to address or rebut this evidence. The Magistrate Judge also correctly noted that SSR 19-4p was inapplicable to the ALJ's May 2, 2018 decision because it was effective August 26, 2019. (R. & R. at 43.) Plaintiff's unsupported argument in her Objections that "the error remains the same" even though SSR 19-4p was enacted posthearing (Objs. at 7) is unavailing.

Having reviewed de novo those portions of the R. & R. to which Plaintiff objects, the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS ORDERED that judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice.

DATED: January 28, 2021

MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE